# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30872

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2017

Lyle W. Cayce
Clerk

BRIDGEFIELD CASUALTY INSURANCE COMPANY,

> Plaintiff - Appellee

v.

RIVER OAKS MANAGEMENT, INCORPORATED,

> Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:12-CV-2336

Before WIENER, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:*

Defendant-Appellant River Oaks Management, Inc. (River Oaks) appeals from a final judgment entered by the district court in favor of Plaintiff-Appellee Bridgefield Casualty Insurance Co. (Bridgefield) in this declaratory judgment action. Bridgefield provided River Oaks with workers' compensation insurance from 2005 to 2013. Bridgefield contends that it is not required to pay workers' compensation for injuries incurred by one of River Oaks's

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30872

Mississippi employees due to a provision of the applicable policy that required River Oaks to give notice to Bridgefield that River Oaks had work outside of Louisiana before out-of-state coverage could be provided.[1] After a bench trial, the district court concluded that Bridgefield had not waived its right to enforce the provision because it had not accepted premiums with knowledge of River Oaks's Mississippi operations. The only issue on appeal is whether the district court erred in finding that Bridgefield did not waive its right to enforce this provision based on a March 2012 premium audit conducted by its agent.

A careful review of the record in this case, a full consideration of the parties' briefs and oral arguments on appeal, and a thorough analysis of the district court's ruling lead us to conclude that the district court's judgment contains no legal error and no clearly erroneous finding of fact. Louisiana law provides that an insurer waives the right to enforce a power of avoidance or privilege of forfeiture if it accepts insurance premiums after receiving notice of facts that would cause a reasonable person to inquire further into whether such power or privilege existed. *See Home Ins. Co. v. Matthews*, 998 F.2d 305, 309-10 (5th Cir. 1993); *Steptore v. Masco Constr. Co., Inc.*, 643 So.2d 1213, 1216 (La. 1994). The district court applied this standard and concluded that Bridgefield did not accept premiums with such notice because the auditor did not review the provided documents for the purpose of ascertaining whether River Oaks was working out of state, and only reviewed the documents selectively. The district court's findings are not clearly erroneous. Therefore, we affirm the district court judgment for essentially the reasons stated by that court.

AFFIRMED.

---

[1] A more detailed discussion of the factual history of this case is contained in our previous opinion. *See Bridgefield Cas. Ins. Co. v. River Oaks Mgmt., Inc.*, 590 F. App'x 308 (5th Cir. 2014).